No. 22-2299

United States Courts of Appeals
For the Seventh Circuit

Chicago, IL

U.S.C.A. – 7th Circuit
R E C E I V E D

MAR 17 2023 CAG

LATANYA L. JACKSON,
Plaintiff-Appellant,

v.

HUMANA INSURANCE CO.,
Defendant-Appellee.

Appeal from the United States District
Court for the Northern District of Illinois,
Eastern Division.

No. 18-cv-02413

Franklin U. Valderrama, Judge.

Name: LaTanya Lynn Jackson

Address: 6020 S. Stony Island Ave Apt# 2E  Chicago, IL 60637

Phone: 312-217-3701

Email: LLJACK64@GMAIL.COM

## PETITION FOR REHEARING EN BANC Rule 35:

### Statement:

**(B) the proceeding involves one or more questions of exceptional importance**

**ARGUMENT- No. 22-2299**

**(1st. Point)** <u>**The appellate court overlooked or misunderstood the fact that**</u> during the post-employment I was denied my unemployment benefits with Humana due to being reported as being discharged for misconduct. I filed an appeal which was granted and there was an Official Government Administrative Law ***Judge Niki Georgopoulos*** who conducted the hearing regarding both parties claims and determined that I did not deliberately hang up on any callers. **Note\*** prior to the scheduled court date both parties were instructed to send the court their documents and evidence in support of each claim. I submitted my proof that there was a known issue with my phones system-generated readings and reports were not correct dating back to 2014-2016.

---

LATANYA L. JACKSON                                                                                    07/01/2016

In the present case it was not proved by a preponderance of competent and compelling evidence that the claimant willfully and deliberately violated a known and reasonable policy of the employer. There was no evidence that the claimant deliberately hung up on any callers. A finding is made that the claimant did not commit actions in this instance which would constitute misconduct connected with work. Accordingly, the claimant is not subject to the disqualification provisions of 602A of the Act or any of it's subsections.

**Decision:** The Local Office Determination is SET ASIDE. Pursuant to 820 ILCS 405/602A, the claimant is eligible for benefits, as to this issue only, from 05/15/2016.

NIKI GEORGOPOULOS, Administrative Law Judge
Appeals - Chicago
Fax: (312) 793-0977

**FURTHER APPEAL RIGHTS**

A. **LATE APPEAL:** If this appeal was dismissed without a scheduled hearing on a finding the appeal was not filed in a timely manner under the provisions of 56 Ill. Adm. Code 2720.207, this dismissal may be appealed to the Board of Review.

B. **FAILURE TO APPEAR:** IF YOU FAILED TO APPEAR AT THE HEARING, then you may request a rehearing of the appeal, but only if you failed to appear. <u>Your request for a rehearing must state the reason/s you did not attend the hearing and why you did not request a continuance (or why a continuance was erroneously denied) (See 56 Ill. Adm. Code 2720.255(e) (1))</u> A request for rehearing must be made within 10 days of the scheduled hearing or first receipt of notice of hearing, whichever is later. A request for rehearing must be made in writing, to the Appeals Division, 33 S State St - 8th Floor, Chicago, IL 60603, directed to the referee Administrative Law Judge whose name appears on this decision. A request for rehearing may also be made by fax at the referee Administrative Law Judge fax number (312) 793-1119.

You may also file an appeal to the Board of Review. It must be in writing and filed within 30 days from 07/01/2016. **See paragraph C. below.**

C. If the decision is against you then you may file a further Appeal to the Board of Review. An appeal to the Board of Review must be in writing and filed within 30 days from 07/01/2016. The appeal to the Board of Review must be mailed to the Board of Review at 33 S State St, 9th Floor, Chicago, IL, 60603 or by fax at (630) 645-3731.

**TO:** LATANYA L. JACKSON, Claimant
**TO:** C/O EQUIFAX (TALX UCM SERVICES), Employer Agent

**CC:** HUMANA INSURANCE COMPANY c/o EQUIFAX (TALX UCM SERVICES), Employer

2

5220-2967

**Illinois Department of Employment Security**
Appeals - Chicago
33 S State St - 8th Floor
Chicago, IL 60603
Phone: (800) 244-5631 · TTY: (312) 793-3184
www.ides.illinois.gov

LATANYA L. JACKSON
6020 S STONY ISLAND AVE APT 2E
CHICAGO, IL 60637-3050

| | |
|---|---|
| Date Mailed: | 07/01/2016 |
| Claimant ID: | 3015290 |
| Docket Number: | 1621282 |
| Appeal Filed Date: | 06/13/2016 |
| Date of Hearing: | 06/30/2016 |
| Type of Hearing: | Telephone |
| Place of Hearing: | Chicago |

## Administrative Law Judge's Decision
(Este es un documento importante. Si usted necesita un intérprete, póngase en contacto con el Centro de Servicio al Reclamante al (800) 244-5631)

**Claimant Appellant**
LATANYA L. JACKSON
6020 S STONY ISLAND AVE APT 2E
CHICAGO, IL 60637-3050

**Employer**
HUMANA INSURANCE COMPANY HUMANA INSURANCE COMPANY
c/o EQUIFAX (TALX UCM SERVICES)

Employer's Agent
C/O EQUIFAX (TALX UCM SERVICES)
PO BOX 283
SAINT LOUIS, MO 63166-0283

**Appearances/Issues/Employer Status:** The claimant and employer appeared and testified. The issue is whether the claimant was discharged for misconduct connected with the work? See 820 ILCS 405/602A. The employer is a party to the appeal.

**Findings of Fact:** The claimant was employed as a full time customer care specialist. She started working for the employer on 7/21/2014. The claimant last performed work and earned wages on 5/16/2016. The claimant was discharged on the premise that she violated her performance improvement plan by hanging up on callers on 3 more occasions. The claimant did her job to the best of her ability and did not deliberately hang up on any callers.

**Conclusion:** 820 ILCS 405/602A provides that an individual shall be ineligible for benefits for the weeks in which he has been discharged for misconduct connected with his work and, thereafter, until he has become re-employed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks. The term "misconduct" means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit. The previous definition notwithstanding, "misconduct" shall include any of the following work-related circumstances: 1. Falsification of an employment application, or any other documentation provided to the employer, to obtain employment through subterfuge. 2. Failure to maintain licenses, registrations, and certifications reasonably required by the employer, or those that the individual is required to possess by law, to perform his or her regular job duties, unless the failure is not within the control of the individual. 3. Knowing, repeated violation of the attendance policies of the employer that are in compliance with State and federal law following a written warning for an attendance violation, unless the individual can demonstrate that he or she has made a reasonable effort to remedy the reason or reasons for the violations or that the reason or reasons for the violations were out of the individual's control. Attendance policies of the employer shall be reasonable and provided to the individual in writing, electronically, or via posting in the workplace. 4. Damaging the employer's property through conduct that is grossly negligent. 5. Refusal to obey an employer's reasonable and lawful instruction, unless the refusal is due to the lack of ability, skills, or training for the individual required to obey the instruction or the instruction would result in an unsafe act. 6. Consuming alcohol or illegal or non-prescribed prescription drugs, or using an impairing substance in an off-label manner, on the employer's premises during working hours in violation of the employer's policies. 7. Reporting to work under the influence of alcohol, illegal or non-prescribed prescription drugs, or an impairing substance used in an off-label manner in violation of the employer's policies, unless the individual is compelled to report to work by the employer outside of scheduled and on-call working hours and informs the employer that he or she is under the influence of alcohol, illegal or non-prescribed prescription drugs, or an impairing substance used in an off-label manner in violation of the employer's policies. 8. Grossly negligent conduct endangering the safety of the individual or co-workers. For purposes of paragraphs 4 and 8, conduct is "grossly negligent" when the individual is, or reasonably should be, aware of a substantial risk that the conduct will result in the harm sought to be prevented and the conduct constitutes a substantial deviation from the standard of care a reasonable person would exercise in the situation. Nothing in paragraph 6 or 7 prohibits the lawful use of over-the-counter drug products as defined in Section 206 of the Illinois Controlled Substances Act, provided that the medication does not affect the safe performance of the employee's work duties.

# ARGUMENT- No. 22-2299

**(2ⁿᵈ . Point) The appellate court overlooked or misunderstood the fact that** when I started experiencing Discrimination and Harrassment in the workplace at Humana I immediately reporting my concerns to my supervisor, manager, and the entire leadership team staring in 2014-2016. I began asserting my rights **"protected activity"** under the **U. S. Labor Law and EEOC** by escalating my complaints and claims to *Human Resources* requesting an investigation showing several emails and examples of the harassment and discrimination I was experiencing. I then reported my claims to the *Equal Employment Opportunity Commission(EEOC)* which I made Humana aware of the charges I filed against them upfront. I did not hide my attempts to protect my rights and employment status. Humana then engaged in **Retaliation Discrimination** by given me a performance evaluation that was lower than it should be; increase scrutiny and engaging in false reporting. Then without first given me a Verbal, then Written Notice, they skipped right to a Lieu of Termination Notice and shortley after falsely accused me of violating the PIP, which lead to my wrongful termination which is a violation/unlawful act committed after I filed my claim with HR and the EEOC. **Note\*** All of my claims of *harrassment and discrimination* was presented prior to having being placed on any unjust disciplinary actions against me. My human resource files will support my truth of no noted documented written adverse actions are on file until April 14, 2016 which I refuted and did not sign.

From: LT Jackson
Sent: Friday, April 15, 2016 3:24 PM
To: Chelsea Bjarnarson
Cc: John Kolet; Jennifer Stoltenberg
Subject: RE: Appeal/Reassignment Request RE: Performance Improvement Plan & Call Recordings

I have attached my refute and file appeal with HR4U Claim #HR-366350-Q1P8B7
  HR4U-Filed Harassment 4/13/16 Claim# HR-365247-T9C8V5
  EEOC- Filed Retaliation 4/14/16 Intake Claim #160414-000756

# ARGUMENT- No. 22-2299

4

(3rd. Point) <u>The appellate court overlooked or misunderstood the fact that</u> while I was employed at Humana Insurance from July 2014 – May 2016 my mental, emotional and physical well-being was constantly under attack which lead to a mental illness breakdown. I was placed under doctors care, both **_Linda Robinson, Psy D._** *Liscensed Clinical Professional Counselor* and **_J. HA, MD_** *Internal Medicine Specialist* being placed on multiple heavy medications and diagnoised with **_An Acute Stress Disorder, Social Anxiety Disorder, Panic Disorder, and Depressive Disorder,_** . I also attended weekly conseling and therapy sessions during the episodic periods due to documented constant harrassment at Humana Inc. dating back to September 2014 -May 2016.

Humana Insurance was well aware of my **qualified disability** which was confirmed and approved by Humana's EAP- UNUM Leave Management Center dated Tuesday, **March, 01, 2016** 9:12 AM CST. My FMLA Leave was Approved **(through 8/16/2016).**

Humana violated my human rights protected under The **Americans with Disabilities Act of 1990 (ADA)** and **The Family Medical Leave Act of 1993 (FMLA)** which makes it unlawful to discriminate against a qualified individual with a **disability**. FMLA defends those going through extreme **stress** or mental illness if symptoms impact their ability to function and perform their job duties.

**Fact Sheet #28O: Mental Health Conditions and the FMLA | U.S. Department of Labor (dol.gov)**

**Leave for the Employee's Mental Health Condition**

An eligible employee may take up to 12 workweeks of leave for **their own serious health condition** that makes the employee unable to perform their essential job duties.

*Under the FMLA, a disability is a **mental or physical impairment** that substantially limits one or more of the major life activities of an individual. To define these terms and determine if a condition is a disability, the FMLA uses the <u>Equal Employment Opportunity Commission's</u> **(EEOC)** regulations under the <u>Americans with Disabilities Act</u> **(ADA)**. According to the EEOC, conditions that "should easily be concluded" to be "substantially limiting" include major depressive disorder, bipolar disorder, post-traumatic stress disorder, obsessive compulsive disorder, and schizophrenia.*

**_Conditions_** <u>*that may only be active periodically are considered disabilities if the condition would substantially limit a major life activity* **when active.**</u> (Intermittent FMLA #11902761)

Clearly, when I am episodic and having several active anxiety and panic attacks while taking live calls, this shows that my mental health symptoms prevents me from working. Humana directly violated my rights by pointing out my **none** ability to fully perform during my known episodic periods, which is why I have **FMLA** due to an *incapaciting illness.* Humana violated my rights by *_denying_* my request for **reasonable accommodation due to my illness** when I requested to be taking off live calls. Humana did not show *just-cause* nor proof this would cause harm to the business.**(ADA** Violation**)** I specifically requested a processor role which was within my department and available, that I have performed successfully and is documented in my **HR File** as being capable and fully crossed trained in this position. Humana blatantly and egregiously presented false statements to the court on this matter.

# **ARGUMENT- No. 22-2299**

5

(4th. **Point**) <u>The appellate court overlooked or misunderstood the fact that</u> while I worked at Humana Insurance I had an Outstanding Stellar work history with no prior disciplinary actions reported nor documented in my Human Resources File. I have provided several pages of customer and internal leadership compliments and kudos confirming my positive contributions to the company.

I have also provided proof of my performance reviews and system generated reports verifying I was meeting department goals consistently and was awarded the quarterly incentive **REACH Bonus** for exceeding the department metrics and we all know numbers don't lie.

There is no way I was awarded the bonus payouts each eligible quarter if I wasn't above and beyond performing the job requirements.

**Note\*** even up to the first quarter in 2016 which is a verifiable undisputed fact that I qualified and made the incentive bonus prior to my Unjustifiable Wrongful Termination which Humana first claimed the reason was **Misconduct** to *Unemployment Office*, then claiming **Low Performance** to the *EEOC Office*.

On Thu, Jun 19, 2014, at 7:20 PM, <<u>kdonahue1@humana.com</u>> wrote:

**Information about your interview:**

The location for the Customer Service Specialist Interview is 550 West Adams Street in Chicago IL 60661. The building is kiddy corner to Union Station.

Please arrive to your interview 10 minutes prior to your scheduled time and check in at the security desk. You will ask for Chelsea Bjarnarson, the hiring manager for the Customer Service Specialist position.

*"One more item:* **There is an incentive for top performers.** *That incentive is our* **REACH** *program, which is based on quality scores met each quarter. If you hit those scores in each quarter, you could be eligible to receive up to 10% of your quarterly earnings. "*

*Sincerely,*

*Kristina Donahue*
*Talent Acquisition*
*603-436-2480*

## ARGUMENT- No. 22-2299

6

**(5th. Point)** <u>The appellate court overlooked or misunderstood the fact that</u> I suffered from unknown episodic panic and anxiety attacks that were being triggered in the workplace by the constant harassment by management. The **Order** dated 02/24/2023 on page 3 stated that Jackson routed calls back to a queue.

**Note*** I became incapacitated and incapable of handling live calls while experiencing a known serious mental illness full blown episodic panic attack while a live call came into the queue, my only option was to transfer caller to the next available phone rep and take myself offline and go on FMLA break. Not one time did I sit in available and transfer calls nor manipulate the phone. I had FMLA and could simply go home.

I was well aware that management was listenening to every call and watching me like a hawk. Humana never produced physical proof of this behavior during the Illinois Department of Employment Security Appeals Hearing on 6/13/2016, if they had any true documentation they would have presented such proof during the Appeals Hearing, the fact remains that they lost and I won my appeal with the truth.

This document is enforcing egregious false naratives and again stating the appearance of phone manipulation which my phone connection has been known to produce false readings and does not remove the fact that I was harassed, discriminated and retaliated against for months prior to this claim.  Humana claims that I have been manipulating the phones since December 2015, however, if this was true, they never took any action and they continued to pay me every two weeks, does that make sense, no, they are trying to create a smoke screen to remove the fact that they fired me out of retaliation after I filed charges with the EEOC and HR claims of harassment and discrimination. I filed my case in federal court with the required Notice of Right- to- Sue granted by the EEOC which was soley based on discrimination, harassment and retaliation.

Now, it appears the panel is overlooking my claims and only focusing on Humana's false claims of phone manipulation as if my claims of harassment dating back 2014-2016 never happened and are invalid which is would be unfair and unjust.

This is **not a case of why I was fired,** this is a case of was I subjected to working in a hostile work enviroment, was my human rights violated, was my request for protection ignored by human resources, why was my request for an investigation never conducted by Humana's human resource department. I was able to get the charges added to the docket by ***Judge Charles P. Kocoras*** and due to negligence and lack of full legal representation from my court appointed attorney, who failed to respond , given an appearance of conceding my case that I have been fighting for since (2016/seven long years now).

## ARGUMENT- No. 22-2299

**(6th. Point)** <u>The appellate court overlooked or misunderstood the fact that</u> I was able to provide proof of encounters which shows my phone status was malfunctioning.

7

dating back to Oct 2014

From: Abbey Bernath
Sent: Wednesday, October 29, 2014 4:38 PM
To: LT Jackson
Cc: Chelsea Bjarnarson
Subject: Weekly call data

big discussion on this

I was getting low performance readings for months before
Abbey discovered I was in the
system incorrectly after reaching
out to Susy in WFM to research

Note* when I was on vacation
to Punta Cuna, I had only worked
5 days in the month and the
mid monthly report had my score lower
than when I was working, I contested
this report and that's when Susy
saw I was not even in the system for Sept
nor Oct.

on several days even on 12/4
May 22 and
Next on 6/9/15 ~9 AM KP
came to my desk looking at my
status saying
" I'm just seeing are you signed
and what code are you in

## ARGUMENT- No. 22-2299

**(6th. Point) The appellate court overlooked or misunderstood the fact that(continued),,,**

===================================================================

Monday, October 12, 2015

Matt Worzala   Hi!
2:20 PM
   WFM has you unstaffed for the last 10 minutes (that means logged out)

LT Jackson   I was on my 15 min Break, I am not sure what is happened, But Vanessa told me earlier today while I was available and logged in, That I was not showing logged in...
2:27 PM
   does it show now, I am on call

Matt Worzala   yes
2:42 PM
   now it shows you

LT Jackson   Okay, Vanessa said I was still missing on her viewing system, and this happen last week and Abbey came to my desk and saw I was signed in and asked was I having phone issues because her system showed me signed out?
2:45 PM
Matt Worzala   I would call the help desk then
2:45 PM
LT Jackson   I sure will
2:46 PM

===================================================
Friday Dec 4, 2015

My Wellness Break was at 7:00 AM
I was asked by Abbey and Kai
why wasn't I taking calls/on the phone...
Why are you asking? just look at schedule and you will see it's my wellness break, but no, let's get you back on calls

while others don't take them
===================================================
Friday Dec 18, 2015

IM today Abbey at ~9:20 AM asking if I was logged in because my status was unknown...

when I was live taking calls:
 and

On several noted occassions I have been told "Your Code is unreadable

## ARGUMENT- No. 22-2299

**(7th. Point) The appellate court overlooked or misunderstood the fact that** my 2015 review never stated that I was unsuccessful as a Processor, and shows I was trained and capable of performing this role which would be a fair reasonable accommodation.

9

## Performance Review
### 2015 Performance Summary

Talent Center

Associate: La Tanya Jackson
Department: Vitality - Call Ops-HEC
Role Title: Service Operations Customer Care Specialist

Leader: N/A
Organization: Vitality - Call Ops [33450]

### Overview

Status: Closed
Step: N/A
Step Due Date: N/A

Author: Abbey Lynne Bernath
Author Role Title: Service Operations Frontline Leader

- **Final Comments**
  Leader's assessment
  No comments entered

- **Acknowledgement Comments**
  Leader's assessment
  No comments entered

  Associate's self-assessment
  Hope to show continual improvement in my role

- **Overall Summary**

  | Section | Overall (Leader's assessment) |
  |---|---|
  | WHAT | Full |
  | HOW | Full |
  |  | Full |

  Comments
  Again, we had this discussion, but I think 2015 was a great year of growth for you. I would say the beginning of the year may have started off inconsistent, but your level of quality has drastically improved and you are able to handle most situations without any assistance. You have fully grasped the role and now for 2016, it will be to refine it and focus on improving your areas of struggle. You are always very timely on your member feedback and constantly are getting kudos calls for your great service. You always are very positive and engaged with your coworkers, especially those on your team. In 2015, you were trained on processing events in paradigm, but I would like to see you take on more stretch opportunities in 2016. You are very health focused and are always doing a great job with living the values. Again 2015 was definitely a year of positive growth and I look forward for you to continue to grow. For your goals for 2016, I would like you to set one personal or developmental goal. This can do with your continued focus on your weight loss or any other opportunities you would like to take on for your development in this role. Second goal, I would like to see one related metrics. There are a few major areas that you struggle with, however, I would like it to be a generic goal so that you are not focusing on just one area but wanting to focus on improving things month to month. Lastly, I would like to set a stretch goal for you. This can be something that you are interested in or even can relate to providing feedback for process/program improvements. Keep up the great work LT, and I look forward to you showcasing your talents in 2016! summary

### WHAT

Improve my Skills and Knowledge of the business
Learn more about all the groups we service, Medicare, Commericial and Supplemental Plans and needs as it pertain to Vitality, keep up with updates and day to day trends

- **Leader's assessment**
  Not Rated Yet
  Comments
  You have a great grasp on the program and I think you took the time to gain that knowledge from your resources.

- **Detail**
  Start Date           End Date
  Jan 1, 2015          Dec 31, 2015

## ARGUMENT- No. 22-2299

**(8th. Point) <u>The appellate court overlooked or misunderstood the fact that</u>** Humana failed to show proof that having me placed temporarily in the Non-Calls Processor role would cause harm to the business, which is a violation under the ADA. Instead they claimed in the **Order** page 3 that I did not provide proof that the role was an *available*

10

*accommodation*, but they told the EEOC investigator on **7/27/16** shown below in the 2nd paragraph that the role **was available** but felt it was not a viable option and stating that I was not successful in the processor role which is an untrue false statement, because the role was the ***most viable option***. Humana has never shown documented proof that says I was not successful in the role. It was a known fact that I was suffering with anxiety attacks during live calls, this role as a processor would have removed me from the threat of becoming incapacitated in an episodic experience and causing additional mental harm to myself due to the nature of my serious illness.

Joseph Kuhel, Investigator
July 27, 2016
Page 4

**Humana**

Ms. Jackson states that she was retaliated against due to her seeking FMLA leave for her stress. This too is untrue. Both Ms. Bernath and Ms. Bjarnarson encouraged Ms. Jackson to apply for FMLA leave to assist her with her anxiety issues as they do any other associate requesting or in need of FMLA leave. Once approved, management encouraged her to use FMLA leave as needed. Management also encouraged Ms. Jackson to go to Human Resources if she continued to have concerns. Her managers allowed her time off the phones while she completed her PIP rebuttal. They were open to recommendations to resolve the matter.

After the issuing of the PIP, Ms. Jackson did request a non-phone role. The department is a call operations department and it has only one non-phone role which is a Processor role. Previously, Ms. Jackson had worked temporarily in the Processor role: she struggled in the role and was not successful. Management believed that moving her into that role would set her up for failure. It was not a viable option.

Please let me know if you have questions or need additional information.

Sincerely,

*Donna Whitt*

Donna Whitt
Paralegal
Humana Inc.
dwhitt@humana.com

cc: Jennifer Starr, Senior Counsel

Attachments

## ARGUMENT- No. 22-2299

**(9th. Point) The appellate court overlooked or misunderstood the fact that** I never stated nor agreed that I ended three calls improperly while under the PIP violating the terms. 2,495 days ago on **5/16/2016** is when I was told I was terminated and being accused falsely of dropping calls and immediatley escorted off of Humana's premises and

was never given a chance to contest the claims. **Note*** After I was placed in the PIP and requested an investigation with HR and the EEOC, I never heard anything back from Humana besides an email confirming on **4/19/ 2016** in response to my email sent on **4/13/2016** prior to the PIP dated **4/14/2016** that they have my request and that someone would be in touch with me. Which as an actual HR representative Swati Mohanty responded and not the auto reply from HR4U making Humana accountable.

So, from **4/15/16 – 5/16/16 (all communications stopped**,) no more emails, nor IM"S, no discussion and zero interaction from leadership nor HR.

**From:** HR4U, DONOTREPLYHR4U [mailto:donotreplyHR4U@humana.com]
**Sent:** Tuesday, April 19, 2016 10:41 AM
**To:** LT Jackson
**Subject:** DO NOT REPLY - Your HR4U Case #: HR-366473-R6G0K8

Dear La Tanya ,

Thank you for contacting HR4U where we strive to provide an exceptional experience.

In response to your request, if you would like to address some concerns with your leader/department than you must follow the Resolving Issues policy which is found by following Hi>Sites>Policy Source>Click on Policy Source>Enter Resolving into the keywords and attached within the policy will be a link to the Resolving Issues form. After completing the form, you will then submit it to your leader and from there follow the chain of command. If you do not feel comfortable with speaking with your leader, manager or director than you may place a call or email to HR4U, regarding your concerns. Once you have contacted HR4U the case will be sent and assigned to a consultant who will then contact you within 48-72 business hours. To remain anonymous with your concerns you must call the Ethics line at 877.584.3539.

Should you have additional questions or concerns feel free to contact HR4U by phone at 1-888-431-4748 or by email (HR4U@Humana.com).


Thank you,

Swati Mohanty
HR4U Customer Care Specialist
Shared Solutions Guidance Center
Humana Inc.
500 W. Main Street, WFP 8E
Louisville, KY 40202
1-888-431-4748
HR4U@Humana.com

## ARGUMENT- No. 22-2299

**(9th. Point) The appellate court overlooked or misunderstood the fact that(continued).**

**From:** LT Jackson
**Sent:** Wednesday, April 13, 2016 6:35 PM
**To:** HR4U; LT Jackson
**Subject:** URGENT! Review/Investigation/Request/Fear of Job Loss/FW: Confidential and Private /Harassment/Discrimination Claim/Release Button

Hello,

I am sending this email per Humana's zero-tolerance environment for harassment polic with dire need and serious concerns of job security due to months of being harassed ar unfairly treated.

I feel strongly that I have been subjected to acts of Age Discrimination, Disability, Harassment and Retaliation ongoing.

I have threads of emails showing I have expressed my concerns with leadership. However, after applying and approved for **FMLA** and being transferred to a new direct leader within the same department matters have now escalated and my work environment has now developed a hostile tone and I have fear of job loss and this is affecting my work performance.

Below are emails in support of my current fears and I would like to open a claim to ensure that my issues are recorded with human resources and investigated thoroughly.

I am on **FMLA** for An Acute Stress Disorder (leave claim #11902761), suffering with panic/anxiety attacks and taking medication and going to therapy and this current situation is causing my stress level to rise to the highest level.

Respectfully Submitted~ LT


**From:** HR4U, DONOTREPLYHR4U [mailto:donotreplyHR4U@humana.com]
**Sent:** Wednesday, April 13, 2016 6:36 PM
**To:** LT Jackson
**Subject:** URGENT! Review/Investigation/Request/Fear of Job Loss/FW: Confidential and Private /Harassment/Discrimination Claim/Release Button (Case #: HR-365247-F9C8V5)

Thank you for contacting HR4U. A representative will research your inquiry and contact you as soon as possible. If this is an urgent issue please call us at 1-888-431-4748 and reference this case number, HR-365247-F9C8V5
**Please do not reply to this system-generated email. The mailbox is not monitored.**

## ARGUMENT- No. 22-2299

**(9th. Point) The appellate court overlooked or misunderstood the fact that (continued).**

13

To: Jennifer Stoltenberg

Date: April 15, 2016

Subject: *Refute/Appeal/Response to Performance Improvement Plan*

Since my multiple emails sent before December 2015-April 2016 to leadership regarding the tone and constant harassment and recent actions give the appearance of aggressive phone monitoring/recording manipulation. False reporting, sabotage and constant discrimination is considered a critical offense.

**Adj. 1. egregious** - conspicuously and outrageously bad or reprehensible; "a crying shame"; "an egregious lie"; "flagrant violation of human rights"; "a glaring error"; "gross ineptitude"; "gross injustice"; "rank treachery"

**flagrant, glaring, crying, rank, gross**

**conspicuous** - obvious to the eye or mind; "a tower conspicuous at a great distance"; "wore conspicuous neckties"; "made herself conspicuous by her exhibitionistic preening"

Re: *"your performance continues to fall below expectations"*

I have been performing to my best ability under extreme circumstances while taking anti-depression, anxiety and sleep aid medications. I am being subjected to workplace bullying and constant negative feedback creating a daily unhealthy work environment that ultimately result in low performances in any and all cases.

**§825.113 Serious health condition.**

(a) For purposes of FMLA, *serious health condition* entitling an employee to FMLA leave means an illness, injury, impairment or physical or *mental condition* that involves inpatient care as defined in §825.114 or continuing treatment by a health care provider as defined in §825.115.

(b) The term *incapacity* means inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom.

(c) The term treatment includes (but is not limited to) examinations to determine if a serious health condition exists and evaluations of the condition. Treatment does not include routine physical examinations, eye examinations, or dental examinations. A regimen of continuing treatment includes, for example, a course of prescription medication (e.g., an antibiotic) or

**ARGUMENT- No. 22-2299**

14

## Conclusion

I would like to first go on the record by saying I disagree with the Order being Affirmed as I also disagreed with the Opinion of the lower court. I understand that I am not an attorney nor am I familiar with the many laws in support of my claim. I simply have my truth and I have my prior experience in federal court with my two prior cases that were both concluded with settlements.

I began my employment July 21, 2014 which was 8 years, 7 months, 3 weeks and 3 days ago today, with Humana Insurance, **$61.67 Billion Dollar** a Global Healthcare Company who is being represented in court by Ogletree Deakins a **$269.5 Million Dollar** Law firm. I was granted a court appointed Attorney Samuel A. Shelist who is now under investigation with the **(ARDC)** *Attorney Registration and Disciplinary Commission* **No. 2022IN04244** in response to my filed complaint dated **12/25/2022** for failure to fully represent me in federal court and causing my case to be closed. Now, I am representing myself as a *Pro Se Litigant* to my best ability. As I have documented and stated from the beginning of my employment that I have been constantly subjected to adverse egregious behavior in the workplace. I did my best to actively seek protection and the response was an aggressive extravagant plot to sabotage, harass and discriminate against me for simply say you are wrong for mistreating and mishandling me. I have hope and entrust that my above statement will be managed with Grace and Mercy from the court as I am dealing with emotional stress and anxiety while preparing this document.

I Thank You in Advance for your Valued Time, Consideration and Support.


S/LaTanya Lynn Jackson


**Date:** 3/17/2023